FILED
2024 Feb-12 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**RAJIV MATTHEW,**

**Plaintiff,**

**v.**

**SPARKS ENERGY, INC.,**

**Defendant.**

**CIVIL ACTION NO.:**
**5:23-cv-00614-LCB**

---

# DEFENDANT SPARKS ENERGY, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

---

COMES NOW Defendant, Sparks Energy, Inc., ("Defendant" or "Sparks") and, by and through its undersigned counsel of record, responds to the Amended Complaint filed by Rajiv Matthew ("Plaintiff" or "Matthew"), as follows:

## JURISDICTION AND VENUE

1. Defendant admits venue is proper but lacks sufficient information, knowledge, or belief as to the remaining allegations of this paragraph.

2. Defendant admits that this lawsuit was filed under the stated statutes; however, Defendant denies that it violated the same.

3. Defendant admits its principal place of business is in Danville, Alabama located in Morgan County but denies it engaged in any unlawful actions.

4. Defendant admits it is a Delaware corporation and that the venue is proper but denies the remaining allegations of this paragraph.

**PARTIES**

5. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

6. Admit.

7. Admit.

**ADMINISTRATIVE EXHAUSTION**

8. Defendant admits that a Charge of Discrimination was filed with the United States Equal Employment Opportunity Commission ("EEOC") and the EEOC received it on May 10, 2023 but denies the allegations in the same.

9. Admit.

10. Admit.

11. Defendant admits that Plaintiff filed the above-mentioned Charge of Discrimination but denies it violated any law.

**FACTS**

12. Deny.

13. Deny.

14. Deny.

15. Defendant admits Plaintiff was hired by Defendant as Controller and

Interim Chief Accounting Officer but denies the remaining allegations of this paragraph.

16. Defendant admits Plaintiff was to begin employment with Defendant on December 27, 2022 but denies the remaining allegations of this paragraph.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

34. Defendant admits it did not pay Plaintiff a $30,000 bonus, denies it was obligated to do so, and denies the remaining allegations of this paragraph.

35. Deny.

36. Deny.

**COUNT I**
**BREACH OF CONTRACT**

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Defendant admits that Plaintiff's employment was terminated on or about January 12, 2023 but denies the remaining allegations of this paragraph.

47. Deny.

48. Defendant admits it did not pay Plaintiff a $30,000 bonus, denies it was

obligated to do so, and denies the remaining allegations of this paragraph.

49. Deny.

50. Deny.

51. Deny.

**COUNT II**
**FRAUDULENT INDUCEMENT**

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Defendant admits that Plaintiff's employment was terminated on or about January 12, 2023 but denies the remaining allegations of this paragraph.

61. Deny.

62. Defendant admits it was truthful at all times and denies the remaining allegations of this paragraph.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

**COUNT III**
**DISABILITY DISCRIMINATION UNDER THE ADA**

67. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

68. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

69. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

70. Defendant admits Plaintiff was hired by Defendant as Controller and Interim Chief Accounting Officer but denies the remaining allegations of this paragraph.

71. Deny.

72. Defendant admits that Plaintiff's employment was terminated on or about January 12, 2023 but denies the remaining allegations of this paragraph.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

## COUNT IV
## AGE DISCRIMINATION UNDER THE ADEA

77. Defendant admits Plaintiff was hired by Defendant as Controller and Interim Chief Accounting Officer but denies the remaining allegations of this paragraph.

78. Deny.

79. Deny.

80. Defendant admits that Plaintiff's employment was terminated on or about January 12, 2023 but denies the remaining allegations of this paragraph.

81. Deny.

82. Deny.

83. Deny.

84. Defendant is without sufficient information, knowledge, or belief to admit or deny the allegations of this paragraph, therefore, the same is denied.

85. Deny.

Defendant asserts that Plaintiff is not entitled to the relief requested, or any relief whatsoever.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative and additional defenses to Plaintiff's Complaint but does not assume the burden of proof with regard to any defense except as may be required by applicable law with respect to a particular

defense asserted. Defendant further reserves the right to assert other affirmative defenses and additional defenses and/or to otherwise supplement this Answer to Plaintiff's Complaint upon discovery of facts or evidence rendering such action appropriate.

## GENERAL DENIAL

Defendant denies all allegations of the Complaint not expressly admitted herein and demands strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant acted in good faith and had reasonable grounds for believing its conduct did not violate any law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because he was an employee at will.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because there was no valid contract for employment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery as a result of his misconduct and breach of obligations to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery as a result of the faithless servant doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because he acted in bad faith.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged contract cannot be enforced because the terms were uncertain and ambiguous.

**NINTH AFFIRMATIVE DEFENSE**

The alleged contract in this case cannot be enforced because there was no meeting of the minds on the essential terms.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover on his claims for a percentage of equity of Defendant because the board of directors did not authorize issuance of the same as required by §10A-2A-6.21 and/or other provisions of the Code of Alabama.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover on his claims for a percentage of equity of Defendant because no contribution was established or given to Defendant as required by §10A-

2A-6.21 of the Code of Alabama.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on his claims for a percentage of equity of Defendant because the procedures and requirements set forth in the Code of Alabama concerning the same were not met.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on his claims for a percentage of equity of Defendant because transfer of the same was not authorized and/or was prohibited by Defendant's bylaws.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged contract in this case is not valid or enforceable because no time was established for performance of the alleged obligations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on his claims because Defendant had no obligation to pay Plaintiff a discretionary bonus.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover on his claims because his claimed reliance on the alleged contract was not reasonable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff breached the alleged contract by failing to perform his obligations to Defendant, thereby relieving Defendant of any obligation to perform.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of unilateral mistake.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of mutual mistake.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of clerical error.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent the Court finds that a contract existed between the parties, the same is due to be reformed under legal and equitable principles.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead fraud claims with particularity as required by the Federal Rules of Civil Procedure.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff cannot recover because Defendant had no intent to defraud Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery due to failure of a condition precedent.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of laches.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of estoppel.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of acquiescence.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of release.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of waiver.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of payment.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of ratification.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of and accord and satisfaction.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of breach of contract by Plaintiff.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of fraud.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of unclean hands.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of contributory negligence.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense collateral estoppel.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of equitable estoppel.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of judicial estoppel.

**FORTIETH AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of res judicata.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of intervening or superseding cause.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of consent.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defenses of insufficiency of process and insufficiency of service of process.

## **FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

## **FORTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant denies that the Plaintiff has been damaged, as a matter of law.

## **FORTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant denies that it engaged in any conduct that caused the injuries alleged in Plaintiff's Complaint.

## **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages, none of which are admitted, but are expressly denied, were not the result of any acts or omissions by the Defendant but were the result of acts or omissions by other persons.

## **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, subject to binding arbitration.

## **FORTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief may not be tried before or decided by a jury.

## **FIFTIETH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate damages, if any.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

No alleged breach on the part of Defendant proximately caused or resulted in any loss to Plaintiff.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense that any damages claimed by the Plaintiff were caused by the Plaintiffs' actions or failure to act.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

Defendant pleads failure of consideration.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant pleads lack of consideration.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant pleads the defense of notice.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant pleads the defense of Statue of Frauds.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to the affirmative defense of impossibility.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has clear and convincing evidence to support or sustain an award of punitive damages against Defendant.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

There is no clear and convincing evidence that Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiff, therefore; punitive damages may not be awarded.

**SIXTIETH AFFIRMATIVE DEFENSE**

Defendant denies it engaged in any intentional or unintentional wrongful conduct.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief requested.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

Defendant denies Plaintiff is entitled to damages of the nature, type, and amount sought in the Complaint.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

Defendant denies that Plaintiff was injured to the extent claimed and demands strict proof thereof.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff has failed to mitigate damages.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

The Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 may apply to this action.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

The Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

There is no causal relation between any acts of Defendant and damage allegedly suffered by Plaintiff.

**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

**SIXTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

**SEVENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States

Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

**SEVENTY-FIRST AFFIRMATIVE DEFENSE**

Any award of punitive damages to Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

**SEVENTY-SECOND AFFIRMATIVE DEFENSE**

Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

**SEVENTY-THIRD AFFIRMATIVE DEFENSE**

Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment

to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards afforded criminal defendants.

**SEVENTY-FOURTH AFFIRMATIVE DEFENSE**

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

**SEVENTY-FIFTH AFFIRMATIVE DEFENSE**

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

**SEVENTY-SIXTH AFFIRMATIVE DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

**SEVENTY-SEVENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages to Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

**SEVENTY-EIGHTH AFFIRMATIVE DEFENSE**

Any award of punitive damages to Plaintiffs in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

**SEVENTY-NINTH AFFIRMATIVE DEFENSE**

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide

sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## EIGHTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

**EIGHTY-FIRST AFFIRMATIVE DEFENSE**

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams*, 127 S.C.1057, 1063 (2007).

**EIGHTY-SECOND AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from the Defendant without due process, to the extent that Plaintiff seek to punish the Defendant for an injury inflicted upon nonpareils to this litigation (*e.g.*, victims whom the Plaintiff does not represent). "[The Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonpareils . . ., *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.C. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id*.

**EIGHTY-THIRD AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary

authority." Thus, the punitive damage system in place in the State deprives Defendant of "fair notice . . . of the severity of the penalty that [could be] imposed]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams*, 127 S.C. 1057, 1063 (2007).

**EIGHTY-FOURTH AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[Given the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Philip Morris v. Williams*, 127 S.C. 1057, 1062 (2007) (citations omitted.)

**EIGHTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages against the Defendant cannot be sustained because an award of punitive damages based on anything other than the Defendant's conduct toward actual parties imposes "one State's (or one jury's) "policy choice" upon "neighboring states" with different public policies," in

violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S.C. 1057, 1059 (2007) (quoting *BMW of North America v. Gore*, 517 U.S. 559, 568 (1996)).

**EIGHTY-SIXTH AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[It is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams*, 127 S.C. 1057, 1059 (2007).

**EIGHTY-SEVENTH AFFIRMATIVE DEFENSE**

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in the State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one . . . a court, upon request, must protect against that risk." *Philip Morris v. Williams*, 127 S.C. 1057, 1065 (2007). [Federal constitutional law obligates [courts] to provide some form of protection [to defendants] in appropriate cases." *Id.*

**EIGHTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery and other proceedings in this case and reserves the right to amend this Answer to assert any such defenses, as well as possible claims against Plaintiff.

**EIGHTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff cannot demonstrate that he suffered damage that was proximately caused by reliance on the alleged false representation.

**NINETIETH AFFIRMATIVE DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 16 of the Constitution of Alabama.

**NINETY-FIRST AFFIRMATIVE DEFENSE**

All actions of Defendant were based on legitimate, non-discriminatory and/or non-retaliatory reasons.

**NINETY-SECOND AFFIRMATIVE DEFENSE**

Any claims outside the scope of a reasonable investigation of Plaintiff's Charge of Discrimination filed with the EEOC are barred.

**NINETY-THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff cannot prove that the alleged adverse

employment action and/or retaliation would have occurred absent, or but for, the alleged wrongful action or inaction of Defendant.

**NINETY-FOURTH AFFIRMATIVE DEFENSE**

Defendant denies Plaintiff was wrongfully terminated or subject to any other wrongful conduct by Defendant.

**NINETY-FIFTH AFFIRMATIVE DEFENSE**

Defendant did not subject Plaintiff to discrimination, harassment or retaliation based on any protected characteristic nor did Defendant engage in any other wrongful conduct.

**NINETY-SIXTH AFFIRMATIVE DEFENSE**

None of the actions taken by Defendant were a pretext for discrimination against Plaintiff.

**NINETY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery because Plaintiff was an employee at will and all actions taken by Defendant were lawful.

**NINETY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was not qualified for the position held or sought.

**NINETY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's protected characteristic(s) was not a "but for" cause for any actual or alleged employment action taken by Defendant.

**ONE HUNDREDTH AFFIRMATIVE DEFENSE**

Plaintiff's protected characteristic(s) was not a motivating factor for any actual or alleged employment action taken by Defendant.

**ONE HUNDRED FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated, and enforced a clear policy against discrimination, harassment and/or retaliation, which established a reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, harassing and/or retaliatory and because Defendant acted in accordance with this policy at all times.

**ONE HUNDRED SECOND AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated, and enforced a clear policy against discrimination, harassment and/or retaliation, which established a reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory, harassing and/or retaliatory and because Plaintiff failed to notify Defendant of the alleged discrimination, harassment and/or retaliation and provide Defendant an opportunity to remedy the same.

**ONE HUNDRED THIRD AFFIRMATIVE DEFENSE**

To the extent a court or jury concludes Plaintiff's protected characteristic played a factor in Defendants' employment actions, Defendants aver the same

employment actions or decisions would have been made absent consideration of such characteristics.

**ONE HUNDRED FOURTH AFFIRMATIVE DEFENSE**

To the extent any of Plaintiff's allegations of misconduct by Defendant's employees are found by a court or jury to be true, Plaintiff's claims still fail because any such misconduct was not authorized, condoned, adopted, or ratified by Defendant, and Defendant neither knew nor should have known of such conduct.

**ONE HUNDRED FIFTH AFFIRMATIVE DEFENSE**

To the extent any of Plaintiff's allegations of misconduct by Defendant's employees are found by a court or jury to be true, Plaintiff's claims still fail because any alleged illegal or retaliatory acts by any employee were taken outside the course and scope of that employee's employment and contrary to Defendant's policies.

**ONE HUNDRED SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff recovers any damages, Defendant is entitled to a set-off from any back pay award for all amounts earned by Plaintiff subsequent to Plaintiff's employment with Defendant.

**ONE HUNDRED SEVENTH AFFIRMATIVE DEFENSE**

Any damages claimed by Plaintiff were caused by Plaintiff's own actions and/or failure to act.

**ONE HUNDRED EIGHTH AFFIRMATIVE DEFENSE**

Compensatory damages, liquidated damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

**ONE HUNDRED NINTH AFFIRMATIVE DEFENSE**

Defendant acted in good faith and had reasonable grounds for believing its conduct did not violate any law.

**ONE HUNDRED TENTH AFFIRMATIVE DEFENSE**

Defendant denies it engaged in any wrongful act with negligence, wantonness, malice and/or reckless indifference to Plaintiff's rights.

**ONE HUNDRED ELEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads any and all state and/or federal statutory caps on damages that apply, or may apply, in this case.

**ONE HUNDRED TWELFTH AFFIRMATIVE DEFENSE**

Defendant's actions with respect to Plaintiff were taken in good faith in conformity with and reliance on a written administrative regulation, order, ruling, approval, interpretation and/or administrative practice or policy.

**ONE HUNDRED THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief requested.

**ONE HUNDRED FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is unable to establish the prima facie elements of one or more of Plaintiff's claims.

**ONE HUNDRED-FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff’s damages, if any, would be limited based on the doctrine of after-acquired evidence.

**ONE HUNDRED SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant denies it discriminated or retaliated against Plaintiff.

**ONE HUNDRED SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that it or any of its agents breached any duty or obligation allegedly owed to Plaintiff, misrepresented any material fact to Plaintiff, or omitted any material fact to Plaintiff.

**ONE HUNDRED EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant did not act with intent to defraud Plaintiff.

**ONE HUNDRED NINETEENTH AFFIRMATIVE DEFENSE**

Defendant did not breach any contract.

**ONE HUNDRED TWENTIETH AFFIRMATIVE DEFENSE**

Defendant neither misrepresented any material fact to Plaintiff nor suppressed any material fact.

**ONE HUNDRED TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant pleads the defense of Statue of Frauds.

**ONE HUNDRED TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant's actions were not a pretext for retaliation.

**ONE HUNDRED TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff cannot recover because Defendant had no intent to defraud Plaintiff.

**ONE HUNDRED TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff did not rely on any misrepresentation or suppression of a material fact by Defendant.

**ONE HUNDRED TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to some, or all of the relief requested in the Complaint because, even if Defendant was found to have considered any impermissible factors in any decision or actions with respect to Plaintiff, which Defendant denies, no such decisions or actions were motivated by any impermissible factors.

**ONE HUNDRED TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The alleged contract in this case is not valid or enforceable because no time was established for performance of the alleged obligations.

**WHEREFORE**, Defendant respectfully requests that this Court deny Plaintiff's request for relief in its entirety.

Respectfully submitted,

/s/ Melisa C. Zwilling
Melisa C. Zwilling
Attorney for Defendant

**OF COUNSEL:**
**Carr Allison**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
mzwilling@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2024, I electronically filed the foregoing with the CM/ECF system which will send notification of such filing to the following:

Anthony Michel
Mitchell G Allen
Will Sinor
**MICHEL & KING, LLC**
505 20th Street North
Suite 1650
Birmingham, AL 35203
Anthony@wmalabamalaw.com
mitch@wmalabamalaw.com
will@wmalabamalaw.com

/s/ Melisa C. Zwilling
OF COUNSEL